# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AUSTIN E. GLADHILL, III, #322-221 | * | |
| Petitioner | * | |
| v | * | Civil Action No. CCB-11-48 |
| UNITED STATES OF AMERICA | * | Criminal Action No. CCB-98-306 |
| Respondent | * | |

***

## MEMORANDUM

Pending is self-represented petitioner Austin E. Gladhill's Motion to Vacate, Set Aside or Correct pursuant to 28 U.S.C. § 2255. Gladhill asks for vacatur of his 1998 conviction for bank robbery, return of restitution and interest paid, and an order to stop the government from "intercepting" his tax return. The motion has been fully briefed and no evidentiary hearing is required. The petition will be dismissed.

## BACKGROUND

On October 14, 1998, Gladhill pled guilty to bank robbery pursuant to a written plea agreement. His plea agreement included the following appeal waiver:

> Your client and the United States knowingly and expressly waive all rights conferred by 18 U.S.C. Section 3742 to appeal whatever sentence is imposed, including any issues that relate to the establishment of the guideline range, reserving only the right to appeal from an upward or downward departure from the guideline range that is established at sentencing. Nothing in this agreement shall be construed to prevent either your client or the United States from invoking the provisions of Federal Rule of Criminal Procedure 35, and appealing from any decision thereunder, should a sentence be imposed that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory minimum mandatory provision.

(Plea Agmt., Docket No. 11, at 3.)

On December 4, 1998, Gladhill was sentenced to a term of sixty-six months

imprisonment and three years of supervised release. This court also ordered Gladhill to pay restitution of $3,962.00 to NationsBank and an assessment of $100.00. The criminal monetary penalties were due in full immediately. Gladhill was also ordered to pay monthly installments of $110.00 during his supervised release, in the event he had not paid the restitution and assessment earlier. As the restitution was due in full immediately, fifteen days later it began to accrue interest at a rate of 4.513% pursuant to 18 U.S.C. § 3612(f). Gladhill did not note an appeal.

On February 16, 1999, the United States began to enforce the order of restitution, pursuant to 18 U.S.C. § 3613, by filing a Notice of Lien and assisting U.S. Probation in the collection of the restitution, although Gladhill made no payments until after he was released from federal custody on August 5, 2003. At the time of his release, the total balance due on the restitution was $4,788.20—$3,962 in principal and $837.20 in interest. (*See* ECF No. 22 Ex. 3.) Gladhill made a payment of $11 on August 25, 2003, and payments of $111 on August 27, October 7 and November 12, 2003. On December 12, 2003, Gladhill was arrested on charges of robbery, assault and theft. He was convicted of the state robbery charge in 2004. He made no more restitution payments.

In 2009, the government began collecting the remaining balance of restitution owed, which as of February 17, 2009, constituted $3,618 in principal and $1,734.04 in interest. The government sought to collect those funds through the Treasury Offset Program, through which the government intercepts federal payments that would otherwise go to criminal and civil debtors. *See* 31 U.S.C. § 3716; 31 C.F.R. § 285.5. On February 10, 2009, a Treasury Offset in the amount of $2,565.00 was applied to Gladhill's total balance of restitution and interest. (*See* ECF No. 22 Ex. 5.) On February 10, 2010, a Treasury Offset in the amount of $1,691.00 was

applied to Gladhill's total balance of restitution and interest. (*See* ECF No. 22 Ex. 6.)[1] Thus a total of $4,256.00 has been paid through the Treasury Offset Program.

Gladhill, who is presently in the custody of the Maryland Division of Correction where he is serving his state sentence on the unrelated state robbery conviction,[2] filed the instant § 2255 motion on January 5, 2011. He requested that his underlying convictions be vacated and he be granted a new trial, that the government return the funds intercepted through the Treasury Offset Program, and that the government be prevented from intercepting future tax refunds. On March 8, 2010, Gladhill filed a "petition for order on supervised release," in which he reiterated his challenge to the interest that accrued while he served his federal sentence. (ECF No. 20.) In response, the government requested that Gladhill's petition be denied, and also that the court order Gladhill to pay "$1,440.43 (*i.e.*, the remaining unpaid interest he owes) to the United States." (ECF No. 22.) On June 7, 2011, this court denied Gladhill's "petition for order on supervised release" and ordered that "[n]othing in the judgment prevents the government from collecting the restitution obligation through the Treasury Offset Program." (ECF No. 32.)

## BACKGROUND

Gladhill's challenge to the restitution order is a very narrow one. He does not dispute that the court was authorized to order restitution, and that the government was authorized to intercept his federal tax refund through the Treasury Offset Program. His sole contention is that he "was under the assumption" that interest did not accrue on his restitution obligations, at least so long as he did not fall behind on the payments he owed during his period of supervised

---

[1] Gladhill was also charged a service charge of $17 for the February 10, 2009, offset and $16 for the February 10, 2010, offset.
[2] *See* Maryland Inmate Locator: http://www.dpscs.state.md.us/inmate/search.

release. (ECF No. 20 at 2.)[3]

The "normal and customary method" for correcting alleged errors in proceedings before a trial court is by appeal, not collateral attack through a § 2255 or habeas corpus petition. *Sunal v. Large*, 332 U.S. 174, 177-78 (1947) (habeas corpus); *see United States v. Davis*, 417 U.S. 333, 345-46 (1974) (§ 2255). "Once the defendant's chance to appeal has been waived or exhausted," courts "presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." *United States v. Frady*, 456 U.S. 152, 164 (1982). When a § 2255 petitioner does not raise a claim before a trial court and on direct appeal, he is procedurally barred from being heard on the merits (other than in the form of an ineffectiveness claim) unless he can show (1) "cause" excusing his failure to raise the issue at trial or on direct appeal and (2) "actual prejudice resulting from the errors of which he complains." *Id*. at 167. Alternatively, a petitioner's claims that were otherwise defaulted can be heard if his conviction or guilty plea "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted).

When he pled guilty, Gladhill waived the right to appeal "whatever sentence is imposed, . . . reserving only the right to appeal from an upward . . . departure from the guideline range." (Plea Agmt. at 3.) An appeal waiver is enforceable "so long as the waiver is knowing and intelligent and the issue sought to be appealed falls within the scope of the appeal waiver." *United States v. Poindexter*, 492 F.3d 263, 270 (4th Cir. 2007). Moreover, restitution is "part of the criminal defendant's sentence," and thus "a defendant who has agreed '[t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed'

---

[3] Although Gladhill also argues that the government erred in filing the notice of lien on February 16, 1999, it is apparent from Gladhill's petition that he does not object to the lien itself, but rather to the interest that accrued beginning in December 1998.

. . . has waived his right to appeal a restitution order." *United States v. Cohen*, 459 F.3d 490, 496-97 (4th Cir. 2006).

Gladhill waived his right to appeal the restitution order, and does not argue that his appeal waiver is unenforceable. He did not object to or appeal the order that his restitution obligation be due in full immediately. Nor does he claim ineffective assistance of counsel, nor argue that he is "actually innocent." Therefore, he is procedurally barred from being heard on the merits unless he can show "cause" for his failure to appeal or otherwise object to the restitution order and "actual prejudice resulting from the errors of which he complains." *Frady*, 456 U.S. at 167.

Gladhill's claim fails the prejudice prong. On December 4, 1998, Gladhill was ordered to pay restitution, and the restitution obligation was made due in full immediately. The restitution statute provides that a defendant "shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment." 18 U.S.C. § 3612(f)(1). If the defendant has not paid in full by the fifteenth day after the date of the judgment, the defendant "shall be liable for interest beginning" on that day (unless that day is a Saturday, Sunday, or legal public holiday, in which case interest begins accruing the next day that is not a Saturday, Sunday, or legal public holiday). *Id.* Here, the "date of the judgment" was December 4, 1998. Fifteen days later was Saturday, December 19, 1998. Thus pursuant to statute, interest began accruing on Monday, December 21, 1998. Because 18 U.S.C. § 3612 required that Gladhill pay interest on any unpaid restitution beginning on December 21, 1998, he has not shown "actual prejudice resulting from the errors of which he complains." *Frady*, 456

5

U.S. at 167.[4]

**Certificate of Appealability**

A prisoner seeking a motion to vacate under § 2255 is not automatically entitled to appeal a district court's denial of the motion. 28 U.S.C. § 2253(c)(1)(B). An appeal may only be taken from a final order in a proceeding under § 2255 if "a circuit justice or judge issues a certificate of appealability." *Id.*; *see also* Local Rule of the Fourth Circuit 22(b)(1) ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make the necessary showing, a petitioner's burden depends on whether constitutional claims were rejected on the merits or on procedural grounds. If they were rejected on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). If the claims were rejected "on procedural grounds . . . without reaching the prisoner's underlying constitutional claim," the petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

---

[4] Because the court concludes that Gladhill's petition must be dismissed because he was not prejudiced by the alleged error, the court need not decide whether he had "cause" for his failure to appeal, and also need not decide the government's alternative arguments, namely that the petition is untimely and that a request for modification of a restitution order is not cognizable under § 2255.

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As discussed above, the restitution statute plainly provides that interest accrue from fifteen days after the criminal judgment was entered. Gladhill does not satisfy the standards necessary to obtain a certificate of appealability.

## CONCLUSION

For the reasons stated herein, the court will dismiss the petition and deny a certificate of appealability. A separate order denying the petition follows.

July 25, 2011_____ /s/_____
Date                                           Catherine C. Blake
                                               United States District Judge